IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HERIBERTO BARAJAS; TANIA DENISE OROZCO, as Conservator for ERIC BARAJAS, a Minor Child; RIGOBERTO OROZCO-GONZALES, JR., Personal Representative for the ESTATE of IVON C. BARAJAS-OROZCO; and ALICE A. WHEELER FIDUCIARY SUPPORT SERVICES, INC., Personal Representative of the ESTATE of BABY BARAJAS-OROZCO (FETUS), | 3:17-CV-00212-BR<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| CONTINENTAL TIRE THE AMERICAS, LLC; FRANCISCO LOPEZ dba NERI AUTO SALES; and PETER SKLYARUK dba ALIGNMENT WORLD, | |
| Defendants. | |

**THOMAS D. D'AMORE**
**DOUGLAS P. OH-KEITH**
D'Amore Law Group, PC
4230 Galewood Street
Suite 200
Lake Oswego, OR 97035
(503) 222-6333

       Attorneys for Plaintiffs

1 - OPINION AND ORDER

**MARGARET A. HOFFMANN**
**JEFFREY D. HERN**
Schwabe, Williamson & Wyatt
1211 S.W. Fifth Ave
Suite 1600
Portland, OR 97204
(503) 796-2868

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#29) for Remand. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion, **DENIES as moot** all other pending Motions, and **REMANDS** this matter to Multnomah County Circuit Court.

## BACKGROUND

The following facts are taken from Defendants' Notice of Removal, documents attached to Defendants' Notice of Removal, and the parties' filings related to Plaintiffs' Motion to Remand.

On June 10, 2013, Neri Auto Sales sold a 2003 Ford Expedition (the SUV) to Maria Isabel Barajas Ballines. At some point after June 10, 2013, and before June 22, 2013, Alignment World performed maintenance on the SUV. On June 22, 2013, the right rear-passenger side of the SUV had a tire designed, manufactured, assembled, and sold by Continental Tire of the Americas (CTA).

On June 22, 2013, Ballines was driving the SUV westbound on Interstate 80 in Cedar County, Iowa, with several passengers,

2 - OPINION AND ORDER

including Plaintiffs Heriberto Barajas, Eric Barajas, Ivon C. Barajas-Orozco, and Baby Barajas-Orozco.[1] As Ballines was driving, the right rear-passenger-side tire had a "catastrophic separation of the tread from the tire carcass," which resulted in the "loss of vehicle control" and a rollover crash in which Ivon Barajas-Orozco and Baby Barajas-Orozco were killed and Heriberto Barajas and Eric Barajas were injured.

On June 1, 2015, Heriberto Barajas, Eric Barajas, and the Estate of Ivon C. Barajas-Orozco, all of whom are Oregon residents, commenced an action in Multnomah Circuit Court against CTA, an Ohio resident; Francisco Lopez dba Neri Auto Sales, an Oregon resident; and Peter Sklyaruk dba Alignment World, an Oregon resident (Multnomah County Case No. 15-cv-14029). Plaintiffs asserted claims for (1) products liability and negligence against Neri Auto Sales for failing "to warn, instruct, or train" [users] about the "unreasonably dangerous" tire; (2) negligence against Alignment World for failing to perform maintenance work in a workmanlike manner, to inspect the incident tire, and to warn users of the tire about its potential for failure; and (3) products liability and negligence against CTA for design defect, manufacturing defect, and failing to warn users about its unreasonably dangerous tire.

---

[1] Baby Barajas-Orozco was a male "fetus of approximately 34-weeks gestation residing in the womb of his mother, Ivon C. Barajas-Orozco." Decl. of Thomas D'Amore, Ex. H at ¶ 3.

At some point Plaintiffs sought a stipulation to add a claim on behalf of Baby Barajas-Orozco, but CTA declined to stipulate.

On June 6, 2016, the Estate of Baby Barajas-Orozco filed a complaint in Multnomah County Circuit Court against CTA, Francisco Lopez dba Neri Auto Sales, and Peter Sklyaruk dba Alignment World (Multnomah County Case No. 16-cv-18162). Plaintiffs asserted claims for (1) products liability and negligence against Neri Auto Sales for failing to warn, to instruct, or to train users about the "unreasonably dangerous" tire; (2) negligence against Alignment World for failing to perform maintenance work in a workmanlike manner, to inspect the incident tire, and to warn users of the tire about its potential for failure; and (3) products liability and negligence against CTA for design defect, manufacturing defect, and failing to warn about its unreasonably dangerous tire.

On August 8, 2016, the Multnomah County Circuit Court consolidated the actions.

On November 3, 2016, Sklyaruk dba Alignment World filed a Motion for Summary Judgment on the ground that there was not any evidence that Alignment World performed maintenance or did any other work on the SUV at issue.

On December 5, 2016, CTA filed a response to Sklyaruk's Motion in which it asserted there was a genuine dispute of material fact as to whether Alignment World performed maintenance

on the SUV.

On December 19, 2016, Plaintiffs filed Notices of Dismissal with Prejudice pursuant to Oregon Rule of Civil Procedure 54A(1) as to Lopez dba Neri Auto Sales and Sklyaruk dba Alignment World.

Notwithstanding Plaintiffs' December 19, 2016, Notice of Dismissal with Prejudice of Sklyaruk, Multnomah County Circuit Court Judge Judith Matarazzo granted Sklyaruk's Motion for Summary Judgment and dismissed Plaintiffs' claims against Sklyaruk dba Alignment World with prejudice on December 23, 2016. Judge Matarazzo did not note or address Plaintiffs' December 19, 2016, Notice of Dismissal in her Order.

On January 4, 2017, the Circuit Court entered a Judgment of Dismissal with prejudice as to Sklyaruk dba Alignment World.

On January 5, 2017, Plaintiffs filed a Second Amended Complaint in which they combined their claims against all Defendants.[2]

On February 2, 2017, Judge Matarazzo signed a Judgment as to Lopez dba Neri Auto Sales based on Plaintiffs' Notice of Dismissal with Prejudice of Lopez and dismissed Plaintiffs' claims against Lopez with prejudice.

---

[2] Notwithstanding either the Notices of Dismissal with Prejudice or the fact that Judge Matarazzo granted Sklyaruk's Motion for Summary Judgment and entered a Judgment dismissing with prejudice Plaintiffs' claims against Sklyaruk dba Alignment World, Plaintiffs continued to assert the same claims against Lopez dba Neri Auto and Sklyaruk dba Alignment World in their Second Amended Complaint.

5 - OPINION AND ORDER

On February 6, 2017, the Multnomah County Circuit Court entered the Judgment dismissing with prejudice Plaintiff's claims against Lopez dba Neri Auto Sales.

On February 8, 2017, CTA removed the matter to this Court on the basis of diversity jurisdiction. CTA asserts in its Notice of Removal that it did not obtain the consent for removal of Neri Auto Sales or Alignment World "because they have been dismissed from the underlying actions and also were fraudulently joined parties whose only purpose was to defeat removal." Notice of Removal at 4. CTA asserts removal of the "Main Barajas Case" (15-cv-14029) is timely because "it is being removed within 30 days after it was first ascertained (on February 2, 2017) that the case has become removable and it may be removed more than one year after commencement of the action under the present circumstances." *Id*. at 5. CTA asserts removal of the "Baby Barajas Case" (16-cv-18162) is timely because "it is being removed within 30 days after it was first ascertained (on February 2, 2017) that the case has become removable and within one year after commencement of the action (on June 6, 2016)." *Id*.

On March 9, 2017, Plaintiffs filed a Motion to Remand this matter to Multnomah County Circuit Court. The Court took the Motion under advisement on April 6, 2017.

**STANDARDS**

28 U.S.C. § 1446(a) provides in pertinent part: "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014)(quotation omitted).

The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected "if there is any doubt as to the right of removal." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010)(citation omitted). "This gives rise to a strong presumption against removal jurisdiction[, which] means that the defendant always has the burden of establishing that removal is proper," and the court "strictly construe[s] the removal statute against removal jurisdiction." *Id*.

**DISCUSSION**

In their Motion for Remand Plaintiffs assert this matter should be remanded to state court because CTA's removal was untimely under both 28 U.S.C. § 1446(b)(1) and § 1446(b)(3).

**I. Removal Procedure**

As noted, 28 U.S.C. § 1446(b)(1) provides "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

When the initial pleading does not provide a basis for removal, § 1446(b)(3) provides "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In *Anderson v. Serenity Gathering, LLC,* the court pointed out that § 1446

> "provides two thirty-day windows during which a case may be removed — during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable."

No.: 3:16-cv-02802-GPC-KSC, 2017 WL 192268, at *2 (S.D. Cal. Jan. 18, 2017)(quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d

8 - OPINION AND ORDER

689, 692 (9th Cir. 2005)).  The removal statute also provides, however, that "a case may not be removed under [§ 1446](b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1). Thus, even if an action is timely removed pursuant to § 1446(b)(1) or (b)(3), it may, nevertheless, be remanded if it is removed more than one year after the commencement of the action unless the court finds the plaintiff acted in bad faith to prevent a defendant from removing the action.

## II.  Fraudulent Joinder and Removal under § 1446(b)(1)

As noted, CTA asserted in its Notice of Removal that it did not join Neri Auto or Alignment World in its Notice because they had been dismissed from the state-court action and "also were fraudulently joined parties whose only purpose was to defeat removal."[2]  Notice of Removal at 4.

CTA removed this matter on the basis of diversity jurisdiction.  "Diversity jurisdiction requires complete diversity between the parties — each defendant must be a citizen

---

[2] "'[F]raudulent joinder removals are governed by the 30-day time limit in the first paragraph [§ 1446(b)(1)] because cases involving fraudulent joinder do not become removable, but rather, are initially removable."  *Rollins v. Fresenius USA, Inc.*, No. CV 13-09394 JGB (AGRx), 2014 WL 462822, at *4 (C.D. Cal. Feb. 4, 2014)(quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313-16 (9th Cir. 1998)).

9 - OPINION AND ORDER

of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008)(citation omitted). An exception to the requirement of the complete-diversity requirement for federal jurisdiction exists when a defendant has been fraudulently joined to defeat diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). When the court deems a joinder to be fraudulent, the defendant's presence is ignored for the purposes of determining diversity. *Id.*

When "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.2007). *See also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011)("[A] non-diverse defendant is deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."). "The question is whether plaintiff has a colorable claim against the alleged sham defendants." *Madayag v. McLane/Suneast, Inc.*, No. 1:16-CV-1082 AWI SAB, 2017 WL 30014, at *6 n.3 (E.D. Cal. Jan. 3, 2017).

Here Plaintiffs asserted claims in their initial and

amended complaints in state court against Neri Auto Sales for products liability and negligence based on Neri Auto Sales's alleged failure to warn users about the "unreasonably dangerous" tire and a negligence claim against Alignment World for failing to perform maintenance work in a workmanlike manner, failing to inspect the incident tire, and failing to warn users of the tire about its potential for failure.  Plaintiffs assert all of their claims against Neri Auto Sales and Alignment World are "colorable," and, therefore, CTA has not established joinder of Neri Auto Sales and Alignment World was fraudulent.

The record does not reflect there is any dispute that Neri Auto Sales sold Plaintiffs the SUV that Ballines was driving when the tire failed, and CTA does not present any evidence in its Response to Plaintiffs' Motion to Remand that Plaintiffs' claims against Neri Auto Sales were not colorable claims.  CTA does not point to any evidence, much less clear and convincing evidence, that if the court resolved "all disputed questions of fact and all ambiguities in the controlling state law . . . in [Plaintiffs'] favor, [Plaintiffs] could not possibly recover against" Neri Auto Sales.  The Court, therefore, concludes CTA has not established Plaintiffs fraudulently joined Neri Auto Sales.

With respect to Alignment World, Plaintiffs point out that CTA stated in its response to Alignment World's motion for

summary judgment filed in state court:

> Indeed, plaintiff Heriberto Barajas and . . . Maria Barajas-Ballines . . . testified at their depositions that Alignment World performed maintenance on the subject vehicle on the afternoon prior to departing on the cross-country trip at issue. Such maintenance work, as alleged, could have caused or contributed to the accident and plaintiffs' damages. . . . Alignment World should not prevail on summary judgment and, instead, should remain a party who may be held liable or allocated fault by the trier of fact.

Notice of Removal, Ex. 88 at 2. Thus, in the proceedings before the state court CTA asserted Plaintiffs had a viable claim against Alignment World, and the state court, therefore, should not grant summary judgment in Alignment World's favor. According to Plaintiffs, therefore, CTA is precluded from asserting at this point that Plaintiffs' claim against Alignment World was not a colorable claim. The Court agrees. The Court, therefore, concludes CTA has not established Plaintiffs' fraudulently joined Alignment World.

Accordingly, the Court concludes CTA has not established Plaintiffs fraudulently joined the nondiverse Defendants, that this matter was "initially removable," or that CTA's removal of this action is governed by § 1446(b)(1).

**III. Removal under § 1446(b)(3)**

As noted, 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection [1446(c)], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiffs assert in their Motion for Remand that "it [could] be first ascertained [by CTA] that the case [was] or [had] become removable on December 19, 2016, when Plaintiffs filed Notices of Dismissal with Prejudice of Neri Auto Sales and Alignment World (the non-diverse Defendants)." Specifically, Plaintiffs assert their Notices of Dismissal were "other paper" from which CTA could ascertain that the matter had become removable on December 19, 2016. CTA, however, did not remove the matter to this Court until February 8, 2017, which was 51 days after December 19, 2016. Thus, according to Plaintiffs, CTA's removal of this matter was untimely.

CTA asserted in its Notice of Removal that it removed the matter within 30 days of February 2, 2017, the date on which it first ascertained that the matter had become removable. Specifically, CTA asserted even though Plaintiffs filed the Notices of Dismissal with Prejudice of Neri Auto Sales and Alignment World on December 19, 2016, "Plaintiffs' counsel first denied [on February 2, 2017,] that these two dismissals were a result of an settlement between Plaintiffs and Neri Auto Sales or Alignment World." Notice of Removal at 3. Counsel for CTA states in his Declaration in Support of CTA's Notice of Removal

that on January 26, 2017,[3] Plaintiffs' counsel "expressed an intent [in a voicemail] to . . . amend the state-court complaint by . . . deleting allegations against Defendants Francisco Lopez dba Neri Auto Sales and Peter Sklyaruk dba Alignment World." Decl. of Jeffrey Hern at ¶ 2. Hern testifies Plaintiffs' counsel "made similar comments about the intent to amend the complaint and also denied that Plaintiffs' . . . dismissals of . . . Neri Auto Sales and Alignment World were a result of any settlement." Hern Decl. at ¶ 3. Thus, according to CTA, February 2, 2017, was the earliest date it was able to ascertain that the matter was removable. CTA, however, does not cite any authority for its assertion that the fact a notice of dismissal with prejudice filed earlier was not the result of a settlement extends the date for filing a notice of removal.

In its Response to Plaintiffs' Motion to Remand, however, CTA now asserts the date on which it first ascertained this case was or had become removable was February 6, 2017, the date on which the state court entered the Judgment of Dismissal as to Lopez dba Neri Auto Sales based on Plaintiffs' Notice of Dismissal with Prejudice of Lopez. According to CTA, therefore, its removal was timely. In its Response CTA relies on the "voluntary-involuntary rule" to support its assertion that it

---

[3] Hern states in his Declaration that this conversation took place on January 26, 2016, but the parties agree this is a clerical error and the conversation occurred on January 26, 2017.

14 - OPINION AND ORDER

could not remove this matter until the state court entered the Judgment of Dismissal of Lopez dba Neri Auto Sales.

The Ninth Circuit has long held "only a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule and requires an action to "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Id.* at 657 (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898)). *See also People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993)("Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court."). A nonremovable case cannot be converted into a removable one "by an order of the court upon any issue tried upon the merits." *Id*.

Voluntary acts by a plaintiff that trigger the second 30-day removal period set out in § 1446(b)(3) include voluntarily dismissing a defendant. The Ninth Circuit has made clear that the voluntary amendment of a pleading, discovery documents, briefing, deposition testimony, and similar other items qualify as "other paper" sufficient for a defendant to ascertain that an action has become removable under § 1446(b)(3). *See, e.g., Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th

Cir. 1989). In *Fehlman v. McCaffrey*, No. 10-CV-122-ST, 2010 WL 1959534 (D. Or. Apr. 14, 2010), the court addressed the meaning of "other paper" in the context of § 1446(b)(3). In *Fehlman* the plaintiffs were involved in an automobile accident. The plaintiffs brought an action in Multnomah County Circuit Court against three diverse defendants and one nondiverse defendant. The sole nondiverse defendant and one diverse defendant filed a motion for summary judgment. The Circuit Court Judge Henry Breithaupt heard the motion on January 21, 2010. On January 26, 2010, Judge Breithaupt issued a letter opinion granting the motion for summary judgment and directing defendants to "prepare an appropriate form of order." *Id*., at *2. On February 4, 2010, the remaining defendants removed the matter to federal court on the ground of diversity as a result of Judge Breithaupt's letter opinion. The plaintiffs moved to remand on the ground that Judge Breithaupt's letter opinion was not an order sufficient to actually dismiss the nondiverse defendant from the action, and, therefore, there was not complete diversity at the time of removal. The district court noted "[u]nder Oregon law, a memorandum or letter opinion does not constitute an 'order.'" *Id*., at *4 (citing *Ernst v. Logan Oldsmobile Co.*, 208 Or. 449, 451 (1956)). Nevertheless, the court concluded "[e]ven though the letter opinion is not an order, it falls within the category of an 'other paper from which it may first be ascertained that

16 - OPINION AND ORDER

the action is removable' under 28 U.S.C. § 1446(b)." *Id*. The court noted:

> Courts have construed the term "other paper" expansively to include a wide array of documents far short of a court order. *See, e.g., Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778-79 (9th Cir. 1994)(plaintiff's reply brief); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)(plaintiff's answers to interrogatories); *Lien v. H.E.R. C. Products, Inc.*, 8 F. Supp. 2d 531 (E.D. Va. 1998)(settlement offer); 14C Federal Practice and Procedure (4th Ed. 2009) § 3731, pp. 539-47 (noting that "depositions, answers to interrogatories, and requests for admissions, amendments to *ad damnum* clauses of the pleadings, and correspondence between the parties and their attorneys or between the attorneys are usually accepted as 'other paper' sources that initiate a new thirty day period of removability," and collecting cases).
>
> In fact, several courts have allowed removal prior to entry by the state court of a final dismissal order of a non-diverse defendant. *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985)(finding that a settlement between plaintiff and non-diverse party was sufficiently final to support removal, although the nondiverse party had not been adequately severed from the state court suit at the time of removal); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992)("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case."); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229-30 (N.D. W. Va. 1988) (allowing removal based on an oral ruling by a judge that a non-diverse defendant was no longer a party to the case due to a settlement).

*Id*. The court, therefore, concluded "the removing defendants did

not need to await entry of an order in state court dismissing the non-diverse defendant before filing their Notice of Removal." *Id*. Thus, the court concluded the defendants' notice of removal was timely.

Here Plaintiffs voluntarily dismissed the nondiverse Defendants pursuant to Oregon Rule of Civil Procedure 54A(1).[4] Oregon Rule of Civil Procedure 54A(1) provides in relevant part:

> [A] plaintiff may dismiss an action in its entirety or as to one or more defendants *without order of court* by filing a notice of dismissal with the court and serving the notice on all other parties not in default not less than 5 days prior to the day of trial if no counterclaim has been pleaded.[5]

Emphasis added. Accordingly, a plaintiff's voluntary dismissal of a defendant in state court pursuant to Oregon Rule of Civil Procedure 54A(1) is effective without an order of the state court when a dismissal is filed. The Court, therefore, concludes Plaintiffs' December 19, 2016, Rule 54A(1) Notices of Dismissal

---

[4] The record also reflects the state court granted Alignment World's Motion for Summary Judgment and dismissed Plaintiffs' claims against Alignment with prejudice notwithstanding Plaintiffs' earlier filed Notice of Dismissal with Prejudice as to Alignment World. It is, therefore, unclear whether Alignment's dismissal from the state-court action constitutes a voluntary action by Plaintiffs. Because the Court concludes CTA's removal was untimely, however, the Court need not resolve that issue.

[5] Defendants did not plead any counterclaims in this matter.

18 - OPINION AND ORDER

with Prejudice were "other paper from which [CTA could] first . . . ascertain[] that the case is one which is or has become removable." As such, the Court also concludes this matter became removable on December 19, 2016. *See, e.g., Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985)(settlement between plaintiff and the nondiverse party was sufficiently final to support removal even though the nondiverse party had not been adequately severed from the state-court action at the time of removal); *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992)("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the nondiverse defendant has not been severed from the case."); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229-30 (N.D. W. Va. 1988)(allowing removal based on an oral ruling by a judge that a nondiverse defendant was no longer a party to the case). As noted, CTA removed this action on February 8, 2017, which is more than 30 days after December 19, 2016, the date on which this action became removable. The Court, therefore, concludes CTA's removal was untimely.

Accordingly, the Court grants Plaintiffs' Motion for Remand.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#29) for Remand, **DENIES as moot** all other pending Motions, and **REMANDS**

19 - OPINION AND ORDER

this matter to Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED this 18th day of May, 2017.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge